UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAI WALTER WILLIAMS,<br><br>Petitioner,<br><br>v.<br><br>RALPH DIAZ, Acting Secretary,<br><br>Respondent. | No. 1:18-cv-01728-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**(Doc. 1)** |

Petitioner, Kai Walter Williams, is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner submitted his motion to recall remittitur and reinstate appeal first filed in state court. Upon conducting a preliminary screening of the petition, it appears that Petitioner has failed to present a cognizable ground for relief. Therefore, the undersigned recommends that the petition be dismissed.

## I. Preliminary Screening

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

## II. Petitioner Fails to State a Cognizable Federal Claim

Petitioner claims he was incorrectly sentenced based on recent changes to the California penal code §§ 12022.5 and 12022.53 pursuant to Senate Bill No. 620.[1] Petitioners seeking federal habeas relief must allege that they are in custody "pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (citations omitted). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989).

The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). To succeed in a petition pursuant to Section 2254, a petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in

---

[1] California Senate Bill 620 No. allows the trial court discretion to strike gun enhancements in California Penal Code §§12022.5 and 12022.53.

2

light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (2). Petitioner may only seek habeas relief if the nature or duration of his imprisonment violates federal constitutional provisions.

Here, Petitioner claims that California Senate Bill No. 620 should apply to his case retroactively and the firearm enhancement that was applied to his sentence should be stricken. Petitioner is challenging the state court's application of state sentencing laws. Such a claim does not give rise to a federal question cognizable on federal habeas review. *Lewis v. Jeffers*, 497 U.S. 764 (1990); *Sturm v. California Youth Authority*, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question.") Petitioner fails to state a cognizable federal habeas claim and the petition should be dismissed. Even if Petitioner did state a cognizable claim for relief, relief is not available to him. In several unpublished decisions, the California courts of appeal have held that Senate Bill No. 620 applies retroactively only to judgments in criminal cases that were not final as of the Bill's effective date of January 1, 2018. *See, e.g., People v. Lewis*, No. D071434, 2018 WL 1354753, at *8 (Mar. 16, 2018); *People v. Crockett*, No. 267614, 2018 WL 914883, at *12 (Feb. 16, 2018); *People v. Wilson*, No. B289638, 2018 WL 4560933, at *1 (Sept. 24, 2018).

The California Court of Appeal affirmed Petitioner's conviction on September 23, 2016, and the California Supreme Court denied review on December 15, 2016. Petitioner filed a petition for writ of certiorari with the United States Supreme Court, which was denied on October 2, 2017. Accordingly, Petitioner is not entitled to retroactive application of §§ 12022.5 or 12022.53.

Petitioner alleges his federal equal protection and due process rights have been violated; however, he relies on state sentencing laws as the basis for the claim. Therefore, Petitioner's claim is simply a state law claim. Petitioner cannot turn his state law claim into a federal claim by providing conclusory statements that the alleged violation also violated his federal rights.

3

### III. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part."

*Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to pursue federal habeas corpus relief to be debatable or wrong, or conclude that the issues presented required further adjudication. Accordingly, the Court recommends declining to issue a certificate of appealability.

## IV. <u>Conclusion and Recommendation</u>

The undersigned recommends that the Court (1) dismiss the petition for writ of habeas corpus since it does not allege grounds that would entitle Petitioner to habeas corpus relief, and (2) decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court Clerk is hereby directed to assign a district judge to this action.

IT IS SO ORDERED.

Dated: **January 30, 2019**      /s/ *Sheila K. Oberto*
                                UNITED STATES MAGISTRATE JUDGE

5

6